## Ferdinand W. Fries et al., Defendants in Error, v. Malbern M. Stephens and Charles L. Gray, Plaintiffs in Error.

### (Not to be reported in full.)

Error to the Circuit Court of St. Clair county; the Hon. WILLIAM B. WRIGHT, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed November 13, 1916.

### Statement of the Case.

Action by Ferdinand W. Fries, Charles Schneider and John Schaller, partners, trading as Bank of New Athens, plaintiffs, against Malbern M. Stephens and

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Charles L. Gray, defendants, on a contract to purchase bonds. To review a judgment for plaintiffs for $11,216.66, defendants prosecute a writ of error.

The contract sued upon was in part as follows:

"For and in consideration of the sum of one dollar ($1.00) paid to the parties of the first part by the parties of the second part, receipt of which is hereby acknowledged, and other good and sufficient consideration, it is agreed between the parties hereto as follows, to wit: First.. That parties of the first part agree to purchase from the parties of the second part bonds of the Milo Realty & Investment Company of the aggregate par value set opposite their respective names, to wit:

| | |
|---|---:|
| Farmers & Merchants Trust Company | $17,000 |
| State Bank of St. Jacob | 4,500 |
| First National Bank of Belleville | 5,000 |
| Union Trust & Savings Bank | 6,000 |
| Bank of New Athens | 10,000 |
| First National Bank of Freeburg | 3,000 |
| F. L. Baltz | 6,000 |
| First National Bank of Edwardsville | 15,000 |
| Germantown Savings Bank | 5,000 |
| C. A. Sisk | 20,000 |
| Bartelso Savings Bank | 2,000 |
| L. D. Turner | 3,000 |
| A. W. Baltz | 1,000 |

"On or before two years from November 1, 1911, and to pay for the same the par value thereof plus accumulated interest at the time of said purchase and payment. The parties of the first part are to have all unearned coupons attached to said bonds. Second. The parties of the second part, their successors and assigns, hereby agree to deliver, or cause to be delivered, the respective bonds set opposite their names herein upon payment by the parties of the first part of the par value of said bonds and accrued interest thereon, and to deliver the unearned coupons with said bonds at any time within two years from November 1, 1911. Third. It is understood and agreed that in case of any default on any of the interest coupons attached

to said bonds that the parties of the first part are to pay the interest represented by the said coupons in default at the time of the purchase of said bonds.''

B. R. BURROUGHS and C. PORTER JOHNSON, for plaintiffs in error.

BAETHEL, FARMER & KLINGEL, for defendants in error.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

## Abstract of the Decision.

1. JUDGMENT, § 261*—*what amendment of may be based on.* To justify an amendment of a judgment at a subsequent term, the error must be shown by some note or memorandum in the record or *quasi* record of the court, or by the judge's minutes or some entry in some book required to be kept by law or papers on file in the case, and cannot be determined from the memory of a witness or recollection of a judge himself.

2. JUDGMENT, § 256*—*when may be amended at subsequent term by striking out name of unserved defendant.* Evidence in a case showing that one of two defendants against whom a judgment was rendered was not served with summons and did not answer or enter his appearance, *held* sufficient to show that the judgment was inadvertently entered against him and to warrant the trial court in amending the judgment at a subsequent term of court by striking his name therefrom.

3. CONTRACTS, § 202*—*when contract for purchase of bonds is joint and several.* A contract for the purchase of bonds from various holders setting out the holdings of each, *held* several as well as joint, so as to warrant the bringing of an action thereon by some of the holders to enforce the purchase of their holdings without joining the other holders.

4. CONTRACTS, § 86*—*when agreement for purchase of bonds is based upon sufficient consideration.* Where a contract entered into between the defendant and a committee of holders of notes secured by mortgage provided that the property securing the note should be purchased by the note holders, cleared of all incumbrances except the first mortgage and deeded to the defendant, who should

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Fries v. Stephens et al., 202 Ill. App. 550.

mortgage the property and cause to be delivered to the note holders fifteen-year bonds in lieu of the notes, and also execute an agreement in writing to purchase such bonds at par and accrued interest on or before a certain time, and the property was purchased and deeded to a company of which the defendant was made president, and the agreement in writing for the purchase of the bonds issued by the company was executed, *held*, in an action of assumpsit for damages by some of the holders of the bonds, that the defendant's contention that it was not shown that he requested that the property be deeded to the company was untenable as a defense, and that the defendant's contention that there was no consideration moving to him so as to bind the agreement in writing was untenable, since a consideration was recited therein, and the agreement was a part of the original contract.

5. CONTRACTS, § 377*—*when bonds running for a longer term than originally provided for in contract are admissible in evidence.* Where a contract entered into between the defendant and a committee of holders of notes secured by mortgage provided that the property securing the note should be purchased by the note holders, cleared of all incumbrances, except the first mortgage, and deeded to the defendant, who should mortgage the property and cause to be delivered to the note holders fifteen-year bonds in lieu of notes and also execute an agreement in writing to purchase such bonds at par and accrued interest on or before a certain time, and the property was purchased and deeded to a company, of which the defendant was made president, and the agreement in writing for the purchase of the bonds issued by the company was executed, *held* in an action of assumpsit for damages by some of the bondholders that it was not erroneous for the court to admit in evidence bonds running for twenty years, although the original contract was for fifteen-year bonds, as the agreement was for the purchase of the bonds issued by the company, and, if there was any objection to the length of term, it was waived by the defendant in entering into the agreement in writing.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.